IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CR 94

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHRISTOPHER PATRICK TANFIELD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the Motion for Leave to File Under Seal Defendant's Psychological Evaluation ("Motion to Seal") (Doc. 38).

On October 3, 2019, Defendant filed a memorandum (Doc. 37) in anticipation of his sentencing, which had been scheduled for October 8, 2019. The sentencing memorandum referenced a Sex Offender Specific Evaluation ("Evaluation").

On October 4, 2019, Defendant filed the Motion to Seal, in which Defendant requests leave to file the Evaluation under seal.

On October 7, 2019, Defendant filed a copy, under seal, of his Evaluation, which was prepared by Shaaron Boyles MSW, LCSW. (Doc. 39).[1]

Defendant's sentencing hearing was conducted on October 8, 2019 by the Honorable Max O. Cogburn, Jr., United States District Judge.

---

[1] A party may file under seal an unredacted version of the material sought to be sealed for review by the Court. LCrR 49.1.1; LCvR 6.1(d).

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). This standard is also referenced by the Local Rules of this District.

Here, the Court has considered the Motion to Seal, the public's interest in access to Defendant's information, and alternatives to sealing. The public has been provided with adequate notice and an opportunity to object to Defendant's Motion to Seal, as the motion has been accessible to the public through the Court's electronic case filing system.

Further, it is noted that Defendant does not request that his sentencing memorandum be sealed but rather seeks only the sealing of his Evaluation, that the Evaluation contains highly personal information disclosed in connection with Ms. Boyles examination of Defendant including references to Defendant's family members and third parties, that Defendant's sentencing hearing was open to the public, and that the Government does not oppose the request for sealing.

Accordingly, the Motion for Leave to File Under Seal Defendant's Psychological Evaluation (Doc. 38) is **GRANTED** and Defendant's Evaluation (Doc. 39) shall be sealed and remain sealed, absent further order of the Court.

Signed: October 15, 2019

W. Carleton Metcalf
United States Magistrate Judge